FREDERICK A. STOW agt. SIDNEY SMITH.

The same agt. CALEB WRIGHT.

Where plaintiff's attorney issued an execution with an incorrect indorsement on it and subsequently made the correction, by directions to the sheriff, before papers for a motion to set aside the execution had been *served,* although the motion papers were prepared before such correction ; and it appeared, after the service of the papers on the plaintiff's attorney, he notified defendant's attorneys of the correction and requested the motion to be withdrawn, which was declined, unless defendant's costs were paid; *held,* that defendant was not entitled to costs of the motion.

---

Stow agt. Smith.

---

*September Term*, 1846.

MOTION by defendant to set aside an execution issued in the second cause, or to correct the indorsement on it according to statute.

It appeared that the plaintiff recovered judgment by default in both the above causes. In the first cause, on two promissory ,notes, signed by, defendant, Smith, as maker, one of which was indorsed by the defendant, Wright, and the other indorsed by another person and not indorsed by Wright. And in the second cause, on the same promissory note, which was indorsed by Wright and made by Smith, against Wright, as indorser. Plaintiff's attorney issued executions to the sheriff, and indorsed on them to levy the full amount of the judgment in each cause.

Defendant's attorneys, on learning the fact, prepared the papers for this motion, on the 24th of August last, but which were not perfected until the 25th of August, which papers alleged that the amount of the note, and the same note upon which judgment was rendered against Wright, [*269] *was also included in the judgment against Smith; and claimed that, under the statute, nothing but the amount of the *disbursements* in the suit against Wright could be collected on the execution against him.

Plaintiff's attorney, in opposition to the motion, stated that when the executions were issued he was unable to give attention fully to business, and a direction to collect, according to the statute in such case, was inadvertently omitted. That on or about the 24th of August he saw the deputy sheriff who had the executions, and informed him that, if the execution against Smith was paid, he need only collect the disbursements of suit in the other, and would send him written directions in relation thereto, and accordingly on the 25th of August he sent such directions to the deputy sheriff to collect on the execution against Wright, $6.60 only being the disbursements in case the Smith execution was paid.

On the 26th of August the papers for this motion were served on plaintiff's attorney. On the 31st of August plain-

tiff's attorney sent a letter to defendant's attorneys, stating the fact of the directions given to the deputy sheriff on the 24th and 25th of August, and requested them to withdraw the motion, which the defendant's attorneys in answer declined to do unless their costs were paid.

D. WRIGHT, *defendant's counsel.*
BEACH & BOCKES, *defendant's attorneys.*
J. A. MILLARD, *plaintiff's counsel and attorney.*

BRONSON, Chief Justice. The indorsement on the execution was corrected before the papers for this motion were served, and all is now right. Although the correction was not made until the papers had been prepared, I think it is not a case for giving the defendants costs of the motion. *Motion denied.*